UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| AJ SIMPSON, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. G-11-469 |
| | § | |
| STERLING NATIONAL INSURANCE | § | |
| AGENCY, INC., FORMERLY KNOWN AS | § | |
| ZC STERLING INSURANCE AGENCY, | § | |
| INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ON MOTIONS TO DISMISS

### I.

Before the Court are the defendants', Barclays Capital Real Estate, Inc., d/b/a HomEq Servicing ("HomEq") and Ocwen Loan Servicing, LLC's ("Ocwen"), motions to dismiss the plaintiffs', AJ Simpson and Michael Mixon, suit against them. *See* [Doc. Nos. 9 and 11, respectively]. The plaintiffs filed their response to HomEq's motion on December 15, 2011. *See* [Doc. No. 16]. The plaintiffs filed a motion for leave to amend their complaint along with their response to HomEq's motion. On the heels of the plaintiffs' motion to amend their pleadings, Ocwen filed: (1) a motion to dismiss the plaintiffs' first amended complaint; and (2) an amended motion to dismiss the plaintiffs' amended complaint. *See* [Doc. Nos. 24 and 25, respectively]. The Court has reviewed the motions, responses and pleadings on file and determines that the defendants' motions to dismiss should be granted.

### II.

On or about February 14, 2002, the plaintiffs executed a deed of trust and note in the amount of $73,000 to purchase a property located at 1601 21st Street, Galveston County, Texas.

In 2006, the plaintiffs obtained a Texas Home Equity Loan in the approximate amount of $200,000, that was used in part to refinance the Galveston property. From these loan proceeds, however, the plaintiffs retained approximately $100,000 in cash, which proceeds were not used to improve the property.

In September of 2008, the property suffered damage as Hurricane Ike left its mark on Galveston County. The plaintiffs received a series of insurance checks from their insurance company totaling $57,112 for repairs. These proceeds were not used by the plaintiffs to repair the property or pay down the loan balance.

HomEq serviced the plaintiffs' loan until August of 2010. When the plaintiffs failed to maintain insurance on the property as required by the Deed of Trust, HomEq placed "lender-placed" insurance on the property. Thereafter, HomEq transferred the servicing responsibilities to Ocwen in the summer of 2010. At that time, the lender-placed policy was the sole insurance coverage on the property. In July of 2010, at or near the transfer of servicing duties by HomEq to Ocwen, the property was damaged by a fire. The insurance company(ies) that carried coverage on the property paid the insurance proceeds jointly to the plaintiffs and HomEq; however, HomEq retained the proceeds. The plaintiffs sued HomEq for breach of contract, fraud and violation of the Fair Debt Collection Practices Act ("FDCPA"). In their amended pleading, the plaintiffs asserted that the defendants committed fraud and; therefore, should be estopped from retaining the proceeds or moving forward with foreclosure because of their conduct. As well, the plaintiffs assert claims of conversation and civil conspiracy against Ocwen and HomEq. Separately, the plaintiffs allege that the insurance company, Sterling National Insurance Agency ("Sterling"), violated a duty owed to them and as a result violated the Deceptive Trade Practices Act ("DTPA") and various sections of the Texas Insurance code.

## III.

Federal Rule of Civil Procedure 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief may be granted," FED. R. CIV. P. 12(b)(6).  Under the demanding strictures of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996) (citing *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991)).  Dismissal is appropriate only if, the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). Moreover, in light of Federal Rule of Civil Procedure 8(a)(2), "[s]pecific facts are not necessary; the [factual allegations] need only 'give the defendant fair notice of what the  . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964.  Even so, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964 - 65 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L.Ed.2d 209 (1986).

More recently, in *Ashcroft v. Iqbal*, the Supreme Court expounded upon the *Twombly* standard, reasoning that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974).  "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, ---U.S. ----, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1955). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show [n]'--'that the pleader is entitled to relief.'" *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)). Nevertheless, when considering a 12(b)(6) motion to dismiss, the Court's task is limited to deciding whether the plaintiff is entitled to offer evidence in support of his or her claims, not whether the plaintiff will eventually prevail. *Twombly*, 550 U.S. at 563, 1969 n.8 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed.2d 90 (1974)); *see also Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

## IV.

The plaintiffs' motion for leave to file an amended complaint is granted. However, the Court is of the opinion that the plaintiffs' amended pleading does not improve their position in the face of the defendants' motions to dismiss. Against Ocwen and HomEq, the plaintiffs assert essentially three claims:  (a) fraud; (b) conspiracy and conversion; and (c) as a result of the alleged fraudulent conduct on the part of the defendants, equitable estoppel. The Court will address each claim in turn.

The plaintiffs allege that Ocwen and HomEq made false representations or concealed material facts pertaining to the plaintiffs' property as it relates to the defendants' interest in the property.  Apparently, because the plaintiffs did not participate with the defendants in the decision making process to purchase insurance, the plaintiff argues foul play. It appears also that the plaintiffs take offense that the coverage was "lender-placed" insurance in which the plaintiffs had no interest, and that fact constitutes fraud.

There are at least two reasons that the plaintiffs' fraud claim fails: it violates FRCP, 8(a)(2) and, after an amended pleading, it is clear that the plaintiffs cannot state a justiciable claim for fraud. First, the plaintiffs' pleadings are wholly lacking in factual allegations to support a fraud claim. A claim for fraud or misrepresentation requires the plaintiff to assert facts showing that the defendants made a material misrepresentation of fact, that the defendants intended the plaintiffs to rely on the misrepresentation, and that the plaintiffs actually relied upon the misrepresentation. *See Formosa Plastics Corp. USA v. Presidio Eng'rs & Contrs., Inc.*, 960 S.W.2d 41, 47-48 (Tex. 1998) (internal citations omitted). No such pleading or evidence is proffered by the plaintiffs.

The evidence shows that any duty owed by the parties to each other arose from the contractual obligations expressed in the Note and Deed of Trust signed by the plaintiffs on or about February 14, 2002. Under the terms of the Deed of Trust, the plaintiffs were obligated to maintain an insurance policy on the property in order to protect the beneficiary, the defendants. In an instance where an insurance policy lapses, the beneficiary is permitted to purchase insurance and seek reimbursement for the premium. In the event of a loss, it may apply any insurance proceeds to either reduce the note, or repair the damage. *See* [Ocwen's Motion to Dismiss, Exhibit A (Beneficiary's Rights)]. Hence, the defendants owed no duty to the plaintiffs regarding the purchase and application of insurance proceeds beyond the terms of the Deed of Trust. Therefore, the plaintiffs' claims for fraud and for equitable estoppel are dismissed.

Next, the plaintiffs' claim that Ocwen, HomEq and Sterling entered into a conspiracy to pay less than the full amount owed for damage, based on an exclusion in the contract between Ocwen and HomEq and Sterling. Obviously, the alleged conspiratorious conduct was not in the terms of the contract. Instead, the plaintiff's claim that the failure of Ocwen and HomEq to

object to Sterling's position or otherwise to agree with Sterling that an exclusion applied constituted the conspiratorious conduct. Even assuming that the defendants engaged in a conspiracy, the plaintiffs were not parties to the contract and have no right under its terms.

In order to establish a conspiracy, the plaintiffs must show that the defendants set out to accomplish an objective that was unlawful and that their conduct resulted in damage to the plaintiffs. *See Tri v. J.T.T.*, 162 S.W.3d 552, 556 (Tex. 2005) (internal citations omitted); *see also A.H. Belo Corp. v. Corcoran*, 52 S.W.3d 375, 384 (Tex. App. – Houston [1ˢᵗ Dist.] 2001, pet. denied) (internal citation omitted). The plaintiffs can establish neither, that an unlawful act occurred, nor that they were damaged. Their obligation under the Note and Deed of Trust remained whether a policy of insurance existed or not. The irony here, though, is that the plaintiffs received the benefit of a policy of insurance for which they did not contract.

Lastly, the plaintiffs assert that by receiving the insurance proceeds and not disbursing them, Ocwen and HomEq have committed a conversion of the proceeds. In order to establish this claim, the plaintiffs must show that, under the terms of the insurance contract and/or the Deed of Trust, they had a legal right of possession to the proceeds that the defendants unlawfully separated them from the proceeds and that they suffered injury as a result. *See United Mobile Networks, L.P. v. Deaton*, 939 S.W.2d 146, 147-48 (Tex. 1997). First, there is no evidence or pleading showing that the defendants are exercising rights over proceeds that belong to the plaintiffs. The contract of insurance determines the parties to the contract and the rights of the parties. Here, there is no evidence that the authority exercised by Ocwen has caused the plaintiffs any damages. Moreover, the plaintiffs are not parties to the insurance contract and have no voice in the distribution.

Finally, the plaintiffs have asserted DTPA claims against Sterling, HomEq and Ocwen, charging that the defendants had a common law duty to deal fairly with them and that they breached a duty of good faith and fair dealing.  These claims would require a contractual relationship between the plaintiffs and the defendants.  None exists beyond the Note and Deed of Trust.  Moreover, the allegations do not find support in factually plausible pleadings.  Hence, their claim is frivolous.  Based on the same reasoning, the plaintiffs claim that Ocwen and HomEq violated the FDCPA.  The attempts by the defendants to collect the mortgage payments due or any deficiency are not violations of the FDCPA—they are contractual and permitted.

In light of the foregoing discussion and analysis, the plaintiffs' suit is DISMISSED with prejudice.  Although Sterling has not joined in the Ocwen and HomEq's motions, the plaintiffs' claims against them must be dismissed as they are derivative of the claims against Ocwen and HomEq.

It is so ORDERED.

SIGNED at Houston, Texas this 30th day of January, 2012.

_____
Kenneth M. Hoyt
United States District Judge